# LODGE

U.S. ex rel. Ronald D. Irwin v. Significant Education, Inc.
CV-07-1771-PHX-DGC

1  DIANE J. HUMETEWA
   United States Attorney
2  District of Arizona

3  LON R. LEAVITT
   Assistant United States Attorney
4  Utah State Bar No. 11245
   Two Renaissance Square
5  40 North Central Avenue, Suite 1200
   Phoenix, Arizona  85004-4408
6  Telephone:  (602) 514-7500
   Facsimile:  (602) 514-7760
7  Lon.R.Leavitt@usdoj.gov

8

9               UNITED STATES DISTRICT COURT

10                   DISTRICT OF ARIZONA

11 | United States of America ex rel. Ronald
12 | D. Irwin,                                      CV 07-1771-PHX-DGC
13 |          Plaintiff,
14 |      v.
15 | Significant Education, Inc., aka Grand        **UNITED STATES' STATEMENT
   | Canyon Education, Inc., a Delaware            OF INTEREST ON
16 | corporation doing business as Grand          DEFENDANT'S MOTION TO
   | Canyon University,                            DISMISS**
17 |
   |          Defendant.
18

19                      INTRODUCTION

20         Pursuant to 28 U.S.C. §§ 517 and 518(b) and the False Claims Act, 31 U.S.C. §§

21 3729-3733, the United States of America respectfully submits this Statement of Interest

22 on Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed on

23 November 4, 2008 (Doc. #23).  The United States submits this Statement of Interest to

24 advise the Court of its views regarding the applicability of *Allison Engine Co. v. United*

25 *States ex rel. Sanders*, 128 S. Ct. 2123 (2008) to claims brought under 31 U.S.C. §

26 3729(a)(1) and to request that should the Court dismiss part or all of relator's complaint,

27 the Court do so without prejudice as to the United States.

28  .   .   .

1.     *Allison* **Does Not Apply To Claims Under 31 U.S.C. § 3729(a)(1).**

In *Allison*, the Supreme Court held that a plaintiff asserting a § 3729(a)(2) claim must prove that the defendant intended that the false record or statement be material to the United States' decision to pay or approve the false claim and that a plaintiff asserting a claim under § 3729(a)(3) must show that the conspirators agreed to make use of the false record or statement to achieve this end. *Allison*, 128 S. Ct. at 2126. The United States' claim under § 3729(a)(1), however, was not at issue and was not addressed substantively in *Allison*. *See Allison*, 128 S. Ct. at 2128 (certiorari was granted "to resolve the conflict over the proper interpretation of §§ 3729(a)(2) and (a)(3)," not to address the lower courts' resolution of relator's claims under § 3729(a)(1)).

Nevertheless, without any supporting authority, defendant contends in its Motion to Dismiss (Doc. #23 at 10, footnote 4) that this Court should extend *Allison*'s reasoning to claims brought under subsection (a)(1), despite the fact that the Supreme Court did not do so. The Court should reject this argument.

Nothing in *Allison* requires – or even implies – any such expectation or intent with respect to claims under subsection (a)(1). To the contrary, the Supreme Court only mentioned subsection (a)(1) in passing in *Allison*, and when it did, the Court declined to hold that subsection (a)(1) requires a showing of intent or expectation that the claim be paid by the United States itself. *See Allison*, 128 S. Ct. at 2127 (subsection (a)(1) "renders liable any person who knowingly presents, or causes to be presented, to an officer or employee of the United States Government a false or fraudulent claim for payment or approval") (quote marks and ellipsis omitted); 128 S. Ct. at 2129, n.1 (it is "clear" there can be liability under § 3729(a)(1) if a defendant presents a request or demand for money or property to a federal officer for payment or approval, even if the request or demand is originally made to a subcontractor); 128 S. Ct. at 2129 ("§ 3729(a)(1) requires a plaintiff to prove that the defendant presented a false or fraudulent claim to the Government") (brackets and quote marks omitted).

1    Subsections (a)(1) and (a)(2) require different elements. In order to prevail under
2  § 3729(a)(1), "the government must prove three elements: (1) a 'false or fraudulent'
3  claim; (2) which was presented, or caused to be presented, by the defendant to the
4  United States for payment or approval; (3) with knowledge that the claim was false."
5  *United States v. Mackby*, 261 F.3d 821, 826 (9th Cir. 2001).[1]  The second element,
6  commonly known as "presentment," is not required under subsection (a)(2). *Allison*,
7  128 S. Ct. at 2129-2130; *Bourseau*, 531 F.3d at 1169. *Allison*'s holding that under
8  subsection (a)(2) "a defendant must intend that the Government itself pay the claim"
9  (which defendant urges the Court to expand) is unnecessary to a cause of action under
10 subsection (a)(1), because inherent in subsection (a)(1) is the requirement that the claim
11 be presented to the United States. *See United States ex rel. Rudd v. Schimmels*, 85 F.3d
12 416, 419 n.1 (9th Cir. 1996) (subsection (a)(1) covers "those who knowingly present a
13 false or fraudulent claim <u>to the federal government</u> for payment") (emphasis added).
14 There is no basis (in *Allison* or elsewhere) to modify subsection (a)(1) by creating an
15 intent element either in addition to or in lieu of the presentment requirement established
16 by Congress.

17    In other words, although the United States or a *qui tam* plaintiff must show
18 presentment to prevail under subsection (a)(1), it is not necessary to show that the
19 defendant intended or expected that the claim be paid by the United States, and nothing
20 in *Allison* holds or suggests otherwise. This Court should decline defendant's invitation
21 to create an intent requirement that lacks support in controlling case law and is
22 foreclosed by the statutory language of the False Claims Act.

23  .   .   .
24  .   .   .
25  .   .   .
26

27 [1]  The False Claims Act also contains a materiality requirement. *United States v.*
28 *Bourseau*, 531 F.3d 1159, 1171 (9th Cir. 2008).

3

1 **2.  If The Court Dismisses All Or Part Of The Relator's Complaint, It Should Do So Without Prejudice To The United States.**

3    Any dismissal of relator's complaint should be without prejudice to the United
4 States' claims and rights.  The United States is always the real party in interest in a *qui*
5 *tam* action under the False Claims Act, even when it has not intervened.  *See, e.g.,*
6 *United States ex rel. Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116,
7 1126 (9th Cir. 2007) (under the False Claims Act, "the underlying claim of fraud always
8 belongs to the government"); *United States v. Schimmels*, 127 F.3d 875, 883 (9th Cir.
9 1997) ("the government is the true party in interest in any qui tam action, despite the
10 relator's litigious role").    Furthermore, the False Claims Act only partially – not
11 completely – assigns the United States' claims to a relator.  *Vermont Agency of Natural*
12 *Resources v. United States ex rel. Stevens*, 529 U.S. 765, 774 n.4 (2000) ("a *qui tam*
13 relator is, in effect, suing as a *partial* assignee of the United States").

14    Although the United States declined to intervene in this action on August 15,
15 2008 (Doc. #12), as it indicated at that time, the United States continues to actively
16 pursue its investigation of defendant and (if appropriate) may seek leave to intervene
17 for "good cause" and file its own complaint against defendant.  *See* 31 U.S.C. §
18 3730(c)(3); *United States ex rel. Stone v. Rockwell Int'l Corp.*, 950 F. Supp. 1046, 1049
19 (D. Colo. 1996); *United States ex rel. Hall v. Schwartzman*, 887 F. Supp. 60, 62
20 (E.D.N.Y. 1995).  In addition, the United States may seek to bring related common law
21 causes of action, which a relator lacks standing to assert.  *See, e.g., United States ex rel.*
22 *Rockefeller v. Westinghouse Electric Co.*, 274 F. Supp. 2d 10, 14 (D. D.C. 2003) (relator
23 in a *qui tam* FCA action does not have standing to assert common law claims based
24 upon injury sustained by the United States); *United States ex rel. Phipps v.*
25 *Comprehensive Community Development Corp.*, 152 F. Supp. 2d 443, 452-453
26 (S.D.N.Y. 2001) (same); *United States ex rel. Walsh v. Eastman Kodak Co.*, 98 F. Supp.
27 2d 141, 149 (D. Mass. 2000) (same).

28 .   .   .

1  Accordingly, the United States respectfully requests that to the extent the Court
2  dismisses part or all of relator's complaint for failure to state a claim or to plead with
3  sufficient particularity, it do so without prejudice as to the United States. *See United*
4  *States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 455 (5th Cir. 2005)
5  (holding that dismissal with prejudice as to the United States was unwarranted where
6  relator's complaint was dismissed for failure to satisfy Rule 9(b)).

## CONCLUSION

8  For these reasons, the United States requests that the Court decline defendant's
9  invitation to extend *Allison* to claims under subsection (a)(1). In addition, to the extent
10 that the Court dismisses some or all of relator's complaint, the United States requests
11 that it do so without prejudice as to the United States.

12 Respectfully submitted this 24th day of November, 2008.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

/s Lon R. Leavitt

LON R. LEAVITT
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2008, I electronically transmitted the within and foregoing **UNITED STATES' STATEMENT OF INTEREST ON DEFENDANT'S MOTION TO DISMISS** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Mark A. Nadeau
mark.nadeau@dlapiper.com

Laura M. Kam
laura.kam@dlapiper.com

Tod F. Schleier
tod@schleierlaw.com

Bradley H. Schleier
brad@schleierlaw.com

David K. Colapinto
dc@kkc.com

s/Rufina Lebario
Office of the United States Attorney