Mark A. Nadeau (AZ Bar No. 011280)
mark.nadeau@dlapiper.com
Laura M. Kam (AZ Bar No. 025918)
laura.kam@dlapiper.com
Camilla J. Butler (AZ Bar No. 024671)
camilla.butler@dlapiper.com
DLA PIPER LLP (US)
2415 East Camelback Road, Suite 700
Phoenix, AZ  85016-4245
Telephone:  480.606.5100
Facsimile:   480.606.5101

Attorneys for Defendant
Grand Canyon University

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| UNITES STATES OF AMERICA, *ex rel.*, RONALD D. IRWIN,<br><br>Plaintiff,<br><br>v.<br><br>SIGNIFICANT EDUCATION, INC., aka GRAND CANYON EDUCATION, INC., a Delaware corporation doing business as GRAND CANYON UNIVERSITY,<br><br>Defendant. | Case No.  CV 07-01771-PHX-DGC<br><br>**DEFENDANT GRAND CANYON UNIVERSITY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Before:  Honorable David G. Campbell |

Defendant Significant Education, Inc. n/k/a Grand Canyon Education, Inc. d/b/a/ Grand Canyon University ("GCU") submits this Answer and Affirmative Defenses in response to the First Amended Complaint ("FAC") filed by Plaintiff United States of America, *ex rel.*, Ronald D. Irwin ("Plaintiff").  GCU's investigation of the allegations in the FAC is still ongoing, and GCU's Answer is based upon information known to GCU on the date this Answer is made.

## ANSWER

### INTRODUCTION

With respect to each of Plaintiff's enumerated contentions, Defendant GCU

admits, denies, and avers as follows:

1. GCU acknowledges the allegation in Paragraph 1 of the FAC that Plaintiff seeks relief in the form of penalties and damages through this action, and that Relator asserts causes of action under the False Claims Act, 31 U.S.C. § 3729, *et seq.* GCU further admits the allegation in Paragraph 1 that it receives federal student financial aid funds from the Department of Education ("DOE"). GCU expressly denies the allegations in Paragraph 1 that GCU has engaged in fraud and knowingly or recklessly submitted false claims for payment or approval to the United States. GCU denies all remaining material allegations in Paragraph 1.

**JURISDICTION AND VENUE**

2. GCU acknowledges that Plaintiff alleges causes of action under the False Claims Act. GCU expressly denies the allegations in Paragraph 2 of the FAC that GCU engaged in fraud in obtaining funds from the DOE.

3. GCU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the FAC, and on that basis denies the same.

4. GCU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the FAC, and on that basis denies the same.

5. Paragraph 5 of the FAC states a legal conclusion to which no response is required. To the extent a response is required, GCU admits the material allegations of Paragraph 5.

6. Paragraph 6 of the FAC states a legal conclusion to which no response is required. To the extent a response is required, GCU admits the material allegations in Paragraph 6.

**THE PARTIES INVOLVED**

7. With respect to Paragraph 7 of the FAC, GCU adopts and incorporates by reference its responses to Paragraphs 1 through 6 of the FAC.

8. GCU admits the allegations in Paragraph 8 of the FAC that Plaintiff was employed by GCU until on or about May 14, 2008, and that Plaintiff submitted a notice

1  of his resignation on or about May 9, 2008.  GCU denies the allegation in Paragraph 8
2  that Plaintiff was employed as a National Corporate Liaison during his entire tenure at
3  GCU.  GCU is without knowledge or information sufficient to form a belief as to the
4  truth of the remaining allegations in Paragraph 8.

5       9.    GCU admits the material allegations in Paragraph 9 of the FAC.

## FACTUAL BACKGROUND

7       10.    With respect to Paragraph 10 of the FAC, GCU adopts and incorporates by
8  reference its responses to Paragraphs 1 through 9 of the FAC.

9       11.    GCU answers that the statutes and regulations referenced in Paragraph 11
10  of the FAC speak for themselves.  Further, Paragraph 11 states legal conclusions, and
11  summaries of statutes and regulations, to which no response is required.

12       12.    GCU answers that the documents, statutes and regulations referenced in
13  Paragraph 12 of the FAC speak for themselves.  Further, Paragraph 12 states legal
14  conclusions, and summaries of regulations, to which no response is required.

15       13.    GCU answers that the document referenced in Paragraph 13 of the FAC,
16  the Program Participation Agreement ("PPA"), speaks for itself.  Further, Paragraph 13
17  states legal conclusions, and summaries of legal documents, to which no response is
18  required.

19       14.    GCU answers that the documents, statutes and regulations referenced in
20  Paragraph 14 of the FAC speak for themselves.  Further, Paragraph 14 states legal
21  conclusions, and summaries of regulations, to which no response is required.

22       15.    Upon understanding and belief, GCU admits the allegation in Paragraph 15
23  of the FAC that execution of the PPA by GCU is a core prerequisite for GCU's eligibility
24  to request and receive Title IV funds.  GCU further answers that the documents, statutes
25  and regulations referenced in Paragraph 15 speak for themselves.  Further, Paragraph 15
26  states legal conclusions, and summaries of regulations, to which no response is required.

27       16.    Upon understanding and belief, GCU admits the allegation in Paragraph 16
28  of the FAC that to be eligible to receive Title IV funds, an educational institution must

complete the PPA certification of compliance with the incentive compensation ban. GCU further answers that the documents, statutes and regulations to which Plaintiff alludes in Paragraph 16, including the PPA and the "incentive compensation ban," 20 U.S.C. § 1094(a)(20), speak for themselves. Further, Paragraph 16 states legal conclusions, and summaries of statutes and regulations, to which no response is required.

17. GCU admits the allegation in Paragraph 17 of the FAC that, beginning in 2005, GCU engaged Mind Streams, LLC to assist in student recruiting activities. GCU further answers that the documents, statutes and regulations to which Plaintiff alludes in Paragraph 17, including the "incentive compensation ban," 20 U.S.C. § 1094(a)(20), speak for themselves. Further, Paragraph 17 states legal conclusions, and summaries of statutes, to which no response is required.

18. GCU admits the material allegations in Paragraph 18 of the FAC.

19. GCU expressly denies the allegations in Paragraph 19 of the FAC that GCU knowingly violates the Title IV incentive compensation ban. GCU admits the allegation in Paragraph 19 that the number of enrollments per counselor (or per team of counselors) is, from time to time, on an irregular basis, compiled in a tabular format sometimes referred to as a "stack ranking." All remaining material allegations in Paragraph 19 are expressly denied.

20. GCU expressly denies the allegations in Paragraph 20 of the FAC that GCU knowingly violates the Title IV incentive compensation ban. GCU admits the allegation in Paragraph 20 that, from time to time, on an irregular basis, enrollment counselors who achieve enrollment activity numbers, such as "talk time" goals, were rewarded with incentives that included lunches, gift certificates, and time off. GCU avers that these incentives were of nominal or no financial value. GCU expressly disputes Plaintiff's legal conclusion in Paragraph 20 that such nominal or no-value incentives violate the Title IV ban.

21. GCU expressly denies the allegation in Paragraph 21 of the FAC that enrollment counselor supervisors have little opportunity to observe the job performance

of enrollment counselors.  GCU admits the allegation in Paragraph 21 that enrollment counselors receive performance reviews, and that most of the categories in those reviews are "subjective" or are not based on enrollment numbers.  GCU further admits the allegation in Paragraph 21 that the number of enrollments per counselor (or per team of counselors) is, from time to time, on an irregular basis, compiled in a tabular format sometimes referred to as a "stack ranking."  GCU denies the remaining allegations in Paragraph 21.

22.   GCU expressly denies the allegation in Paragraph 22 of the FAC that GCU management officials "make it clear" that if enrollment numbers are not met, job termination or other adverse employment action will follow.  GCU admits the allegation in Paragraph 22 that employees with unsatisfactory job performance are, from time to time, on a case-by-case basis, provided with a "Coaching and Counseling Statement" that outlines the specific areas of performance needing development or improvement and the steps or outcomes needed to correct or improve performance.  GCU admits the allegation in Paragraph 22 that Plaintiff received a Coaching and Counseling Statement.  GCU avers that that document speaks for itself.  GCU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 relating to the reasons for Plaintiff's transfer request and the content of unspecified "postings for promotions," and on that basis denies the same.  All remaining material allegations in Paragraph 22 are expressly denied.

23.   GCU denies the allegation in Paragraph 23 of the FAC that enrollment counselors enroll students without reviewing their transcripts or determining their academic qualifications to attend the university.  GCU further denies the allegation in Paragraph 23 that enrollment counselors have submitted applications containing fictitious names and social security numbers.  GCU admits that it is aware of a limited number of instances where enrollment counselors, contrary to company policy, signed admission documents on behalf of prospective students.  In those cases, GCU avers that each enrollment counselor in question was disciplined up to and including termination from

1  GCU's employment. All remaining material allegations in Paragraph 23 are expressly
2  denied.
3      24.  GCU expressly denies each and every material allegation in Paragraph 24
4  of the FAC.
5      25.  GCU expressly denies the allegation in Paragraph 25 of the FAC that GCU
6  management officials every year falsely assert compliance with the incentive
7  compensation ban. Upon understanding and belief, GCU admits the allegation in
8  Paragraph 25 that GCU must submit to the United States Government an annual
9  compliance audit conducted by an independent certified public. The remaining
10 allegations in Paragraph 25 state legal conclusions to which no response is required.
11     26.  GCU answers that the documents referenced in Paragraph 26 of the FAC,
12 specifically GCU's management assertion letters, speak for themselves. GCU expressly
13 denies the allegation in Paragraph 26 that GCU knows its certifications in the
14 management assertion letters are false and that GCU intentionally violates the incentive
15 compensation ban. GCU is without knowledge or information sufficient to form a belief
16 as to the truth of the allegations in Paragraph 26 relating to the Government's treatment
17 of GCU's management assertion letters, and on that basis denies the same. All remaining
18 material allegations in Paragraph 26 are expressly denied.
19     27.  GCU denies each and every material allegation in Paragraph 27 of the
20 FAC.
21     28.  With respect to Paragraph 28 of the FAC, GCU adopts and incorporates by
22 reference its responses to Paragraphs 1 through 27 of the FAC.
23     29.  Upon understanding and belief, GCU admits the allegations in Paragraph
24 29 of the FAC.
25     30.  Upon understanding and belief, GCU admits the allegations in Paragraph
26 30 of the FAC.
27     31.  Upon understanding and belief, GCU admits the allegation in Paragraph 31
28 of the FAC that to be eligible to participate in Title IV programs, it must comply with the

1  requirements of the HEA, including the incentive compensation ban.  All remaining
2  material allegations in Paragraph 31 are expressly denied.

3        32.   GCU avers that under the Federal Family Education Loan Program, banks
4  and other lending institutions make loans to students. The borrower submits his or her
5  loan application to the school, which must certify that the student meets the eligibility
6  requirements for the loan.  The lender then completes its portion of the application and
7  forwards it to the guarantor for commitment.  GCU further answers that the documents,
8  statutes and regulations Plaintiff attempts to summarize in this paragraph speak for
9  themselves.  To the extent Paragraph 32 contains legal conclusions, or summaries of
10 statutes and regulations, no response is required.  All remaining material allegations in
11 Paragraph 32, including the allegation that GCU is ineligible under the Title IV program,
12 are expressly denied.

13       33.   Upon understanding and belief, GCU admits the allegation in Paragraph 33
14 of the FAC that compliance with the HEA is a prerequisite to request and obtain Title IV
15 funds. All remaining material allegations in Paragraph 33 are expressly denied.

16       34.   Upon understanding and belief, GCU admits the allegations in Paragraph
17 34 of the FAC.

18       35.   Upon understanding and belief, GCU admits the allegations in Paragraph
19 35 of the FAC.

20       36.   With respect to Paragraph 36 of the FAC, GCU adopts and incorporates by
21 reference its responses to Paragraphs 1 through 35 of the FAC.

22       37.   GCU is without knowledge or information sufficient to form a belief as to
23 the truth of the allegations in Paragraph 37 of the FAC regarding the nature of Plaintiff's
24 recruitment away from the University of Phoenix.  GCU admits the remaining allegations
25 in Paragraph 37.

26       38.   GCU avers that Plaintiff's job title was changed from Marketing
27 Representative to Enrollment Counselor to National Corporate Liaison within his first
28 two months of service at GCU.  GCU is without knowledge or information sufficient to

DLA PIPER LLP (US)
PHOENIX

form a belief as to the truth of the remaining allegations in Paragraph 38 of the FAC.

39.     GCU avers that Plaintiff's initial annual salary was $37,500. GCU admits the allegation in Paragraph 39 of the FAC that Plaintiff's annual salary was changed to $45,000 in March 2006. GCU avers that Plaintiff's salary was changed to $57,500 on August 1, 2006. GCU denies the allegation in Paragraph 39 that any or all of Plaintiff's salary increases were based solely on the number of enrollments he secured. With regard to the number of applications for enrollment secured by Plaintiff on a monthly basis, GCU answers that its records reflecting such figures speak for themselves.

40.     Upon information and belief, GCU admits the allegation in Paragraph 40 of the FAC that Plaintiff relocated to Oregon and was assigned a territory that included Oregon and Washington. GCU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis denies the same.

41.     GCU avers that the document referenced in Paragraph 41 of the FAC speaks for itself. GCU expressly denies the allegation in Paragraph 41 that GCU engaged in fraudulent conduct. GCU admits the allegation in Paragraph 41 that, from time to time, on an irregular basis, GCU held contests among enrollment counselors to boost productivity. GCU avers that the incentives awarded in such contests were of nominal or no financial value. GCU denies the legal conclusion in Paragraph 41 that such contests violated the incentive compensation ban. GCU denies the remaining allegations in Paragraph 41.

42.     GCU avers that the e-mail referenced in Paragraph 42 of the FAC speaks for itself. All remaining material allegations in Paragraph 42 are expressly denied.

43.     GCU expressly denies the allegation in Paragraph 43 of the FAC that enrollment numbers are the sole consideration in the granting of salary raises. GCU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and on that basis denies the same.

44.     GCU avers that the performance review referenced in Paragraph 44 of the

FAC speaks for itself. GCU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and on that basis denies the same.

45. GCU expressly denies the allegations in Paragraph 45 of the FAC that GCU was engaged in illegal activity. GCU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and on that basis denies the same.

46. GCU avers that the performance review referenced in Paragraph 46 of the FAC speaks for itself. GCU expressly denies the allegations in Paragraph 46 that Plaintiff's supervisors had little or no opportunity to observe Plaintiff's performance in the subjective evaluation areas. GCU denies the remaining allegations in Paragraph 46.

47. GCU admits the allegation in Paragraph 47 of the FAC that, from time to time, on an irregular basis, enrollment counselors were rewarded with incentives based on their productivity. GCU avers that these incentives were of nominal or no financial value. GCU avers that the e-mail referenced in Paragraph 47 speaks for itself.

48. GCU avers that the document referenced in Paragraph 48 of the FAC speaks for itself.

49. GCU admits the allegation in Paragraph 49 of the FAC that, from time to time, on an irregular basis, enrollment counselors were rewarded for productivity with a day or half-day off work. GCU avers that such time off work did not result in additional monetary compensation that the enrollment counselor would not otherwise receive because enrollment counselors are salaried employees.

50. GCU admits the allegation in Paragraph 50 of the FAC that, from time to time, on an irregular basis, enrollment counselors were rewarded for productivity with a day or half-day off work. GCU avers that such time off work did not result in additional monetary compensation that the enrollment counselor would not otherwise receive because enrollment counselors are salaried employees. GCU denies the allegation in Paragraph 50 that days off and other "prizes for enrollment numbers" were discussed and

encouraged by GCU's upper management. GCU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, and on that basis denies the same.

51. GCU expressly denies the allegation in Paragraph 51 of the FAC that an enrollment counselor's meeting of an enrollment numbers goal "is the only way" a GCU enrollment counselor can increase his personal income. GCU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 51 and on that basis denies the same.

52. GCU avers that the e-mails referenced in Paragraph 52 of the FAC speak for themselves.

53. GCU expressly denies the allegation in Paragraph 53 of the FAC that enrollment counselors who do not meet their enrollment goals will automatically be fired. GCU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53, and on that basis denies the same.

54. GCU admits the allegation in Paragraph 54 of the FAC that certain GCU employees, including but not limited to enrollment counselors, are invited to attend a winter meeting at Lake Tahoe. GCU expressly denies the allegation in Paragraph 54 that the Lake Tahoe meeting does not include training or business meetings, and GCU expressly denies that the Lake Tahoe meeting is solely a vacation. GCU denies the allegation in Paragraph 54 that only enrollment counselors with the most enrollments were invited to attend the Lake Tahoe meeting. GCU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54, and on that basis denies the same.

55. GCU admits the allegation in Paragraph 55 of the FAC that there was a correlation between membership in the President's Club and attendance at the Lake Tahoe winter meeting. GCU denies the allegation in Paragraph 55 that only enrollment counselors with the most enrollments were invited to attend the Lake Tahoe meeting. GCU avers that the August 15, 2007 document referenced in Paragraph 55 speaks for

itself. GCU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 55, and on that basis denies the same.

56. GCU is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the FAC, and on that basis denies the same.

57. GCU admits the allegation in Paragraph 57 of the FAC that Plaintiff submitted a Family Medical Leave Act ("FMLA") request on June 13, 2007 and that Plaintiff requested to be transferred to Phoenix, Arizona. GCU further admits the allegation in Paragraph 57 that its main campus is located in Phoenix. GCU further answers that documents relating to Plaintiff's FMLA and transfer requests speak for themselves. GCU is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 57, and on that basis denies the same.

58. GCU admits the allegation in Paragraph 58 of the FAC that Plaintiff was given a Coaching & Counseling statement. GCU avers that the Coaching & Counseling statement speaks for itself. GCU denies the remaining allegations in Paragraph 58.

59. GCU admits the allegation in Paragraph 59 of the FAC that, from time to time, on an irregular basis, enrollment counselors were rewarded for productivity with incentives including catered lunches, movies, and, on rare occasion, gift cards. GCU avers that such incentives were of nominal or no financial value. GCU further admits the allegation in Paragraph 59 that, from time to time, on an irregular basis, enrollment counselors were rewarded for productivity with a day or half-day off work. GCU avers that such time off work did not result in additional monetary compensation that the enrollment counselor would not otherwise receive because enrollment counselors are salaried employees. GCU further admits the allegation in Paragraph 59 that the number of enrollments per counselor (or per team of counselors) was, from time to time, on an irregular basis, compiled in a tabular format sometimes referred to as a "stack ranking." GCU avers that the documents and/or e-mail messages referenced in Paragraph 59 speak for themselves.

60. GCU admits the allegation in Paragraph 60 of the FAC that a significant

1 percentage of the financial aid funds GCU receives are Title IV funds.  GCU is without
2 knowledge or information sufficient to form a belief as to the truth of the remaining
3 allegations in Paragraph 60, and on that basis denies the same.

4    61.   GCU avers that the document referenced in Paragraph 61 of the FAC
5 speaks for itself.

6    62.   GCU admits the allegation in Paragraph 62 of the FAC that, from time to
7 time, on an irregular basis, enrollment counselors (or teams of enrollment counselors)
8 were rewarded for productivity with incentives that included watching a movie during the
9 workday.  GCU avers that such incentives were of nominal or no financial value.  GCU
10 further admits the allegation in Paragraph 62 that the number of enrollments per
11 counselor (or per team of counselors) was, from time to time, on an irregular basis,
12 compiled in a tabular format sometimes referred to as a "stack ranking."  GCU avers that
13 the May 13, 2008 document referenced in Paragraph 62 speaks for itself.

14    63.   GCU admits the allegation in Paragraph 63 of the FAC that, from time to
15 time, on an irregular basis, enrollment counselors were rewarded for productivity with
16 pizza lunches.  GCU avers that such pizza lunches were of nominal or no financial value.
17 GCU further admits the allegation in Paragraph 63 that, from time to time, on an irregular
18 basis, enrollment counselors were rewarded for productivity with a half-day Friday off
19 work.  GCU avers that such time off work did not result in additional monetary
20 compensation that the enrollment counselor would not otherwise receive because
21 enrollment counselors are salaried employees.  GCU avers that the May 13, 2008
22 document referenced in Paragraph 63 speaks for itself.

23                **COUNT ONE**

24    64.   With respect to Paragraph 64 of the FAC, GCU adopts and incorporates by
25 reference its responses to Paragraphs 1 through 63 of the FAC.

26    65.   GCU denies the allegations in Paragraph 65 of the FAC.
27    66.   GCU denies the allegations in Paragraph 66 of the FAC.
28    67.   The allegations in Paragraph 67 of the FAC state legal conclusions, to

1  which no response is required. To the extent a response is required, GCU denies each
2  and every material allegation in Paragraph 67.
3     68.   The allegations in Paragraph 68 of the FAC state legal conclusions, to
4  which no response is required. To the extent a response is required, GCU denies each
5  and every material allegation in Paragraph 68.

## COUNT TWO

7     69.   With respect to Paragraph 69 of the FAC, GCU adopts and incorporates by
8  reference its responses to Paragraphs 1 through 68 of the FAC.
9     70.   GCU denies the allegations in Paragraph 70 of the FAC.
10    71.   GCU denies the allegations in Paragraph 71 of the FAC.
11    72.   The allegations in Paragraph 72 of the FAC state legal conclusions, to
12 which no response is required. To the extent a response is required, GCU denies each
13 and every material allegation in Paragraph 72.
14    73.   The allegations in Paragraph 73 of the FAC state legal conclusions, to
15 which no response is required. To the extent a response is required, GCU denies each
16 and every material allegation in Paragraph 73.

## AFFIRMATIVE DEFENSES

18      Without admitting any wrongful conduct on the part of GCU, and without
19 admitting that Plaintiff has suffered any loss, damage, or injury through the fault of GCU,
20 GCU alleges the following affirmative defenses to the FAC. By designating the
21 following as affirmative defenses, GCU does not in any way waive or limit any defenses
22 which are or may be raised by its admissions, denials, allegations, and averments set forth
23 herein. GCU does not, by alleging any affirmative defense, admit that Plaintiff does not
24 have the burden of proof for any or all facts underlying any of those defenses. These
25 defenses are pled in the alternative, and are raised to preserve the right of GCU to assert
26 such defenses, and are without prejudice to its ability to raise other and further defenses.

## FIRST AFFIRMATIVE DEFENSE

28      The FAC in its entirety, and each and every purported cause of action alleged

1  therein, fails to state a claim upon which relief can be granted, and further fails to state
2  facts sufficient to entitle Plaintiff to the relief sought, or to any relief whatsoever, from
3  Defendant.

### SECOND AFFIRMATIVE DEFENSE

5  Plaintiff's allegations of fraud have not been pled with sufficient particularity.

### THIRD AFFIRMATIVE DEFENSE

7  Plaintiff lacks standing to bring the subject FAC, and each and every cause of
8  action alleged therein.

### FOURTH AFFIRMATIVE DEFENSE

10  Plaintiff's FAC, and each purported cause of action alleged therein, is barred in
11  whole or in part by the doctrine of *in pari delecto* and/or the doctrine of "unclean hands"
12  as applied to Relator Ronald D. Irwin.

### FIFTH AFFIRMATIVE DEFENSE

14  Plaintiff's FAC, and each purported cause of action alleged therein, is barred in
15  whole or in part by the doctrines of estoppel, waiver, and/or laches.

### SIXTH AFFIRMATIVE DEFENSE

17  Plaintiff's FAC, and each purported cause of action alleged therein, is barred in
18  whole or in part by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

20  Plaintiff's FAC, and each purported cause of action alleged therein, is barred in
21  whole or in part by the Government's failure to mitigate damages.

### EIGHTH AFFIRMATIVE DEFENSE

23  Plaintiff's FAC, and each purported cause of action alleged therein, fails under the
24  False Claims Act because Defendant acted reasonably and in good faith and did not
25  knowingly submit a false claim.

### NINTH AFFIRMATIVE DEFENSE

27  Defendant is not aware of any false statements made to the government in
28  connection with the FAC herein, and any such false statements would be contrary to

established written company policy. However, if any false statements were made to the government, such statements were outside the course and scope of employment and were not authorized or ratified by Defendant.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's FAC, and each purported cause of action alleged therein, is barred in whole or in part by the fact that neither the United States nor Relator have suffered actual injury.

### ELEVENTH AFFIRMATIVE DEFENSE

The portion of Plaintiff's FAC that seeks damages and/or penalties above and beyond actual damages is unconstitutional because such damages and/or penalties would violate the Fifth and Eighth Amendments to the United States Constitution.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering attorneys' fees under applicable provisions of law.

### RIGHT TO ASSERT ADDITIONAL DEFENSES

Defendant hereby reserves all rights to bring and assert further defenses, claims, counterclaims, and cross-claims, as discovery and the evidence may merit, and also reserves the right to name additional parties to this action.

WHEREFORE, having fully answered, Defendant prays for judgment in its favor and requests that Plaintiff take nothing by way of his FAC, and further requests as follows:

A.  That Plaintiff's FAC be dismissed with prejudice in its entirety;

B.  That Defendant be awarded its costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

C.  That Defendant be awarded such other further relief as this Court deems just and proper.

//
//

RESPECTFULLY SUBMITTED this 25th day of February, 2009.

**DLA PIPER LLP (US)**

By  */s/Laura M. Kam*
　　MARK A. NADEAU
　　LAURA M. KAM
　　CAMILLA J. BUTLER

*Attorneys for Defendant*
*Grand Canyon University*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 25, 2009 I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a notice of Electronic Filing to the following CM/ECF registrants:

Tod F. Schleier, Esq.
tod@schleierlaw.com
Bradley H. Schleier, Esq.
brad@schleierlaw.com
Schleier Law Offices, PC
3101 N. Central Ave., Suite 1090
Phoenix, Arizona  85012
*Attorneys for Plaintiff*

David K. Colapinto, Esq.
dc@kkc.com
Kohn Kohn & Colapinto, LLP
3233 P Street, NW
Washington, DC  20007
*(pro hac vice) Attorney for Plaintiff*

Lon R Leavitt, Esq.
Lon.R.Leavitt@usdoj.gov
United States Attorney's Office
2 Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix , Arizona  85004

*/s/Linda Farrell*