**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ex rel., Ronald D. Irwin,<br><br>Plaintiff,<br><br>vs.<br><br>Significant Education, Inc., a.k.a. Grand Canyon Education, Inc., a Delaware corporation doing business as Grand Canyon University,<br><br>Defendant. | No. CV07-1771-PHX-DGC<br><br>**ORDER** |

Plaintiff-Relator Ronald Irwin brings this motion to compel Defendant to release settlement funds held in a segregated bank account. Doc. 115. Defendant responded to the motion (Doc. 118) and Plaintiff-Relator replied (Doc. 120). Neither party requested oral argument. The Court will grant the motion.

**I.     Background.**

On April 28, 2010, Irwin and Defendant Grand Canyon University ("GCU") entered into settlement agreement in which GCU promised to pay the United States and Irwin a combined sum of $5,200,000 on the earlier of the following dates: (a) the issuance of a full three-year Program Participation Agreement ("PPA") for continued participation in the student financial assistance programs authorized pursuant to Title IV of the Higher Education Act of 1965 by the Department of Education ("DOE"), or (b) September 1, 2011. Doc. 89 ¶ 1. On August 17, 2010, the Court approved the settlement

agreement lodged at Doc. 89 with one minor exception.  *See* Doc. 107.

On April 8, 2011, DOE notified Defendant that it had been awarded a new, provisional certification to participate in Title IV programs through December 31, 2013.  *See* Doc. 115-1 at 63, Ex. B, SEC Form 8-K.  "This new certification removed the University from month-to-month status . . . and does not impose any conditions . . . or other restrictions on the University during the provisional period other than the standard restrictions applicable to a provisional certification."  *Id.*  The resulting PPA was filed with this Court on May 23, 2011.  *See* Doc. 122.

Irwin contends that DOE's issuance of the PPA constitutes "issuance of a full three (3) year Program Participation Agreement," and thus triggers the early release of settlement funds.  Doc. 115 at 2.  Defendant contests this assertion, arguing that the plain language of the settlement agreement only requires the early release of settlement funds if DOE issues a non-provisional PPA.  Doc. 118 at 4.  Because the PPA is provisional, Defendant has refused to release settlement funds.  Doc. 115 at 2, n.1.

**II.    Analysis.**

Irwin asserts that "the term 'full three year PPA' means the issuance of any PPA that covers a time period of three years."  Doc. 120 at 4.  He argues that because the word "full" directly precedes the words "three (3) year," the word "full" refers to the time period rather than the type of PPA being issued.  *Id.*  Defendant maintains that the word "full" is used to distinguish a "full," non-provisional PPA from one that is provisional.  *See* Doc. 118 at 4-5.  The term "full" PPA is not defined in the settlement agreement, and there is no explicit mention of a "full" PPA in the controlling DOE regulations, 34 C.F.R. Part 600.  Doc. 120 at 8.  Because both interpretations are reasonable, the Court finds that the phrase is ambiguous and does not plainly distinguish between a provisional and a non-provisional PPA.

Because the text is ambiguous, parol evidence may be used to shed light on the original meaning intended by the parties.  *See Crofton v. CIT Group, Inc.*, No. CV 09-

1999-PHX-FJM, 2011 WL 1211566, at *4 (D. Ariz. Mar. 30, 2011).  The Court therefore will consider statements made by defense counsel Mark Nadeau during the June 10, 2010 hearing (Doc. 99) regarding the settlement agreement.

Mr. Nadeau's statements suggest that the issuance of any PPA would trigger the early release of escrow funds.  In discussing the settlement agreement, Mr. Nadeau said: "all this says is they [the government] cannot issue a provisional certificate based upon the conduct up to the date of this settlement. . . .  After that point in time [the settlement date], they can commence whatever investigation they think is appropriate, they can issue provisional certificates."  Doc. 99 at 17, lines 12-17.  Mr. Nadeau acknowledged DOE's ability to issue provisional certificates, but without suggesting that such a certificate would fail to trigger obligations under the settlement agreement.  In response to the Court's inquiry regarding why the payment provision includes any mention of the PPA, he further stated: "the trigger . . . is well within the government's control.  They can decide whether or not to issue the PPA under *any administrative spectrum* that they decide. . . . [I]f the PPA issues, then we'll fund the settlement."  *Id.* at 7, lines 13-18.  This comment suggests that a PPA falling anywhere along the administrative spectrum of DOE would trigger the release of settlement funds.

Given these comments, the Court cannot conclude that the agreement requires the issuance of a non-provisional PPA as a condition to the early release of settlement funds.  Moreover, although the PPA is provisional and therefore revocable for cause, the Court's conclusion is reasonable in light of the circumstances surrounding the settlement.  Prior to the issuance of the PPA on April 8, 2011, GCU was operating "in limbo," on month-to-month status since its certification had expired on June 30, 2008.  Doc. 118 at 7.  By issuing a PPA that extended through December 31, 2013, DOE relieved Defendant of the recurring monthly concern that it might lose Title IV funding.

1

**IT IS ORDERED:**

2    1.    Plaintiff-Relator Irwin's motion to enforce the court-approved settlement

3          agreement (Doc. 115) is **granted**.

4    2.    Defendant shall release Irwin's portion of the settlement funds within five

5          business days of the date of this order.

6    3.    Irwin's request for attorneys' fees pursuant to 31 U.S.C. § 3730(d)(1) is

7          **denied**.

8    Dated this 7th day of June, 2011.

9

10

11   _____

12                David G. Campbell
                  United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28